## Case No. 5,882.

GWATHNEY v. M'LANE et al.

[3 McLean, 371.] [1]

Circuit Court, D. Indiana. May Term, 1844.

PROMISSORY NOTES—PAYMENT—ASSIGNMENT WHEN OVERDUE.

1. An agreement of one partner to pay a note against his co-partner, by entering a credit on a note which he holds against the payee, and a charge is made on the books of the firm against the partner for whom the payment is made, and he delivers to his partner other paper as payment, it is a payment to the payee of the note, although a credit was not indorsed on the note to be credited, until after the lapse of some months.

2. Should the payee be sued, after the agreement, on the note, on which the credit was to be entered, he could set up the agreement in defence.

3. And so could the agreement be set up in the defence by the partner who owed the first note.

4. The assignment of this note after it became due, in violation of the agreement, would not prevent the partner from making this defence.

5. A note assigned, after it becomes due, leaves the equities open between the original parties.

At law.

Mr. Crawford, for plaintiff.
Quarles & Brown, for defendants.

OPINION OF THE COURT. This action is brought on two notes given by defendants to J. B. Danforth & Co., for one thousand and seventy-six dollars, and indorsed by the payees to the plaintiff. After one of the notes became due, Donahue, who owed the claim, in the fall of the year 1841, made an arrangement with the payees, by their agent, to pay both notes by procuring a credit to be given on a note held by William M'Lane on Danforth & Lewis, for three thousand dollars. The holder of this note agreed to enter the credit, and proper entries were made in the books of the defendant, in an account current with William M'Lane. The defendant, Donahue, passed to the other defendant, M'Lane, other paper in payment; but the actual credit was not indorsed on the note, until some time in February, though the arrangement for the credit was made in October preceding. Danforth & Co. were formed by Danforth & Lewis. Afterwards that firm was dissolved, and the firm of Danforth & Hildebran was formed. This firm was dissolved, and Danforth had the control and management of its concerns. The agent who made the arrangement as to the payment above stated, was fully authorised to act in the premises as attorney in fact for J. B. Danforth & Co. Danforth, at the time, was at Philadelphia. On his return to Louisville, Kentucky, and before he was informed of the above arrangement, he assigned the notes of Donahue to the plaintiff, as cashier of the Bank of Kentucky, as collateral se-

[1] [Reported by Hon. John McLean, Circuit Justice.]

curity—the notes, at the time of the assignment, being over due. And from these facts, the question arises whether the notes were paid.

There can be no doubt, as between the original parties to the notes now sued on, there was payment. The power of the agent of Danforth & Co. is not questioned. And, in this respect, it cannot be material to which of the firms the notes were due, for Danforth had the settlement of the concerns of both firms. But the evidence is, that the notes were due to the first firm. M'Lane agreed that a credit should be entered on a note held against Danforth & Lewis for three thousand dollars. At this time M'Lane & Donahue were in partnership, and on the books of the firm, Donahue was charged with the amount. So, as regards these partners, the transaction was completed; and Donahue, by proving the agreement and entry, could have obliged his partner to enter the credit. He did enter it, after the lapse of some months, to take effect from the time of the transaction. Now could not this arrangement have been set up as payment by Donahue, had suit been brought against him by Danforth & Co.? Of this there can be no doubt. Had suit been brought against Danforth & Co. on the three thousand dollar note, they could have set up the arrangement, as so much paid on that note.

The only remaining question is, whether the assignment of the notes deprives the defendants from setting up this defence. As the notes were assigned to the plaintiff after they became due, the equities between the original parties remained open, although the credit on the three thousand dollar note was not indorsed until after this assignment. The plaintiff should have made inquiry as to any equities which might be alleged against the notes. Being over due they were dishonored, and he was bound to know any and every equitable defence which might be made against them.

These instructions were given to the jury, and they found a verdict for the defendants. Judgment.